FILED

AUG 1 3 2010

CLERK, US DISTRICT COURT
NORFOLK, VA

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | **EASTERN** | District | **VIRGINIA, NORFOLK DIV.** | |
|---|---|---|---|---|
| Name (under which you were convicted): **SHON M. WALTER** | | | Docket or Case No.: **2:09cr44** | |
| Place of Confinement: **FCI ALLENWOOD - LOW** | | | Prisoner No.: **58717-083** | |
| UNITED STATES OF AMERICA | | Movant (Include name under which you were convicted) | | |
| | v. | **SHON M. WALTER** | | |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   United States District Court for the Eastern District of
   Virginia, Norfolk Dividion: 600 Granby Street, Norfolk,
   Virginia 23510-1915

   (b) Criminal docket or case number (if you know): 2:09-cr-000440JBF-TEM

2. (a) Date of the judgment of conviction (if you know): September 8, 2009

   (b) Date of sentencing: September 8, 2009

3. Length of sentence: 276 Months (23 Years)

4. Nature of crime (all counts): _____
   COUNT 1: T. 18, USC, Sections 2252A(a)(2)(A), 2252A(b)(1),
   2256(1), 2256(2), & 2256(8)
   COUNT 6: T. 18, USC, Sections 2252A(a)(2)(A), 2252A(b)(1),
   2256(1), 2256(2), & 2256(8)

5. (a) What was your plea? (Check one)

   (1) Not guilty ❑     (2) Guilty ☒     (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count
   or indictment, what did you plead guilty to and what did you plead not guilty to? n/a

   _____
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❑     Judge only ❑
   n/a

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8.  Did you appeal from the judgment of conviction?   Yes ☐   No ☒

9.  If you did appeal, answer the following:

(a) Name of court: __n/a__

(b) Docket or case number (if you know): __n/a__

(c) Result: __n/a__

(d) Date of result (if you know): __n/a__

(e) Citation to the case (if you know): __n/a__

(f) Grounds raised: __n/a__

(g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know): __n/a__

(2) Result: __n/a__

(3) Date of result (if you know): __n/a__

(4) Citation to the case (if you know): __n/a__

(5) Grounds raised: __n/a__

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: __n/a__

(2) Docket or case number (if you know): __n/a__

(3) Date of filing (if you know): __n/a__

(4) Nature of the proceeding: __n/a__

(5) Grounds raised: __n/a__

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐  No ☒

(7) Result: __n/a__

(8) Date of result (if you know): __n/a__

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: __n/a__

(2) Docket or case number (if you know): __n/a__

(3) Date of filing (if you know): __n/a__

(4) Nature of the proceeding: __n/a__

(5) Grounds raised: __n/a__

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ☐   No ☒

(7) Result: __n/a__

(8) Date of result (if you know): __n/a__

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:      Yes ☐   No ☒

(2)  Second petition:    Yes ☐   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: __n/a__

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: __The Government's response to the Movant's "Motion for Downward Departure" was filed after the deadline.__

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
__- The response was due seven (7) days prior to the sentencing__
__hearing but was not filed until six (6) days before the__
__sentencing hearing.__

(b) Direct Appeal of Ground One:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑         n/a

    (2) If you did not raise this issue in your direct appeal, explain why: __n/a__

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑         n/a

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: __n/a__

    Name and location of the court where the motion or petition was filed: __n/a__

Docket or case number (if you know): n/a

Date of the court's decision: n/a

Result (attach a copy of the court's opinion or order, if available): n/a

(3) Did you receive a hearing on your motion, petition, or application?

　　Yes ☐　No ☐　　　n/a

(4) Did you appeal from the denial of your motion, petition, or application?

　　Yes ☐　No ☐　　　n/a

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　　Yes ☐　No ☐　　　n/a

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: n/a

Docket or case number (if you know): n/a

Date of the court's decision: n/a

Result (attach a copy of the court's opinion or order, if available): n/a

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: n/a

GROUND TWO: The Pretrial Services officer failed to follow procedures and did not act as an impartial arm of the Court.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
- The Pretrial Services officer failed to notify the Court that the Government's response to the Movant's "Motion for Downward Departure" was filed late.
- The Pretrial Services officer failed to present the Movant with a copy of the PSR; instead placing this responsibility on the Movant's counsel.

*** PLEASE SEE ATTACHED ADDITIONAL PAGES FOR CONTINUATION.

**(b) Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐        n / a

(2) If you did not raise this issue in your direct appeal, explain why: n / a

**(c) Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐   No ☐        n / a

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: n / a

Name and location of the court where the motion or petition was filed: n / a

Docket or case number (if you know): n / a

Date of the court's decision: n / a

Result (attach a copy of the court's opinion or order, if available): n / a

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐        n / a

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐        n / a

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐        n / a

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: n / a

Docket or case number (if you know): n / a

Date of the court's decision: n / a

Result (attach a copy of the court's opinion or order, if available): n / a

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _n/a_____

_____

_____

_____

GROUND THREE: The Movant's 14th amendment rights were violated.

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
- Following the Movant's detention hearing he was placed in protective custody, under the condition of solitary confinement, at the holding center. This condition of confinement:

    - restricted the Movant's communication with Counsel.

    - prevented Movant's counsel from arranging any/an appropriate psychosexual evaluation.

_____

*** PLEASE SEE ATTACHED ADDITIONAL PAGES FOR CONTINUATION.

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ☐   No ☐   n/a

    (2) If you did not raise this issue in your direct appeal, explain why: _n/a_____

_____

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

    Yes ☐   No ☐   n/a

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _n/a_

    Name and location of the court where the motion or petition was filed: _n/a_____

_____

    Docket or case number (if you know): _n/a_____

    Date of the court's decision: _n/a_____

Page 9

Result (attach a copy of the court's opinion or order, if available): n/a

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☐        n/a

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐   No ☐        n/a

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐        n/a

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: n/a

_____

Docket or case number (if you know): n/a

Date of the court's decision: n/a

Result (attach a copy of the court's opinion or order, if available): n/a

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: n/a

_____

_____

_____

_____

_____


GROUND FOUR: The Movant's 6th amendment rights were violated by his ineffective counsel.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

- The Movant's Counsel:

        - advised the Movant to plead not guilty at arraign-
          ment despite the existance of a verbal agreement,
          with the Government, to sign a plea agreement.
        - failed to file a promised "In Limini" Motion.
        - failed to initiate/complete an independant computer
          forensic evaluation, as promised.

*** PLEASE SEE ATTACHED ADDITIONAL PAGES FOR CONTINUATION.

(b) Direct Appeal of Ground Four:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ❑ No ❑      n/a

    (2) If you did not raise this issue in your direct appeal, explain why: n/a

 

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

       Yes ❑ No ❑      n/a

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: n/a

    Name and location of the court where the motion or petition was filed: n/a

    Docket or case number (if you know): n/a

    Date of the court's decision: n/a

    Result (attach a copy of the court's opinion or order, if available): n/a

 

    (3) Did you receive a hearing on your motion, petition, or application?

       Yes ❑ No ❑      n/a

    (4) Did you appeal from the denial of your motion, petition, or application?

       Yes ❑ No ❑      n/a

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

       Yes ❑ No ❑      n/a

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: n/a

    Docket or case number (if you know): n/a

    Date of the court's decision: n/a

    Result (attach a copy of the court's opinion or order, if available): n/a

**NOTE:** Further Ground presented on attached additional pages!

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: __n/a_____

_____

_____

_____

13. Is there any ground in this motion that you have **not** previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: Yes, all presented Grounds are new.  They were not brought at an earlier time either because the Movant had not recognized the Ground or because he was unaware of how to raise the Ground.

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐   No ☒
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. __n/a_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing: __John W. Bonney, P.C.: 5442 Tidewater Drive, Norfolk, Virginia 23509      Phone: 757-640-1008__
    (b) At arraignment and plea: __John W. Bonney, P.C.: 5442 Tidewater Drive, Norfolk, Virginia 23509      Phone: 757-640-1008__
    (c) At trial: __n/a_____

_____

    (d) At sentencing: __John W. Bonney, P.C.: 5442 Tidewater Drive, Norfolk, Virginia 23509      Phone: 757-640-1008__

(e) On appeal: _n / a_

(f) In any post-conviction proceeding: _n / a_

(g) On appeal from any ruling against you in a post-conviction proceeding: _n / a_

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future: _n / a_

(b) Give the date the other sentence was imposed: _n / a_

(c) Give the length of the other sentence: _n / a_

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?  Yes ☐   No ☐       _n / a_

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* This Motion is timely and within the one-year period of limitation.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief: 1) that this case be remanded to the District Court for resentencing.
*** PLEASE SEE ATTACHED ADDITIONAL PAGES FOR CONTINUATION.
or any other relief to which movant may be entitled.

_____ n/a _____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on 8-11-10 _n/a_ (month, date, year).

Executed (signed) on  8-9-10  (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. n/a _____
_____
_____

IN FORMA PAUPERIS DECLARATION
INCLUDED
_____
[Insert appropriate court]
* * * * *

MOVANT'S RETURN ADDRESS:
Shon M. Walter
58717-083
LSCI Allenwood
P.O. Box 1000
White Deer, PA 17887

PAGES OF CONTINUATION: Motion to Vacate, Set Aside,

of Correct a Sentence By a Person in Federal Custody

| United States District Court | EASTERN | District VIRGINIA, NORFOLK DIV. | |
|---|---|---|---|
| Name (under which you were convicted): SHON M. WALTER | | Docket or Case No.: 2:09cr44 | |
| Place of Confinement: FCI ALLENWOOD - LOW | | Prisoner No.: 58717-083 | |
| UNITED STATES OF AMERICA | | Movant (include name under which you were convicted) | |
| v. SHON M. WALTER | | | |

Motion Under 28 U.S.C. § 2255: Pages of Continuation

**\*\*\* Continuation of Ground Two:**

  - The Pretrial Services officer failed to present the Movant
    with a copy of the PSR addendum until moments before the
    start of sentencing proceedings.

  - The Pretrial Services officer acted as an interrogator, not
    an objective author of an impartial report.

      - The Pretrial Services officer failed to note the
        Movant's acceptance of responsibility, as expressed
        during the PSI interview.

      - The Pretrial Services officer failed to include in-
        formation about the Movant's personal and professional
        life that was provided during PSI interviews.

      - The Pretrial Services officer included information
        in the PSR that placed other individuals at risk for
        harm.

      - The Pretrial Services officer arranged facts within
        the PSR in order to suggest additional criminal behavior.

- The Court was unaware of the above stated conduct.


*** Continuation of <u>Ground Three</u>:

  - deteriorated the Movant's emotional and psychological
    condition to a level of diminished capacity as a re-
    sult of stress and social deprivation experienced
    under twenty-three (23) hour/day lock-down conditions.
  - prevented the Movant from accessing/performing in-
    dependant legal research.
  - prevented the Movant from accessing any/appropriate
    counseling, with respect to his convicted offence.
  - inhibited the Movant's ability to more effectively
    demonstrate his full acceptance of responsibility.


*** Continuation of <u>Ground Four</u>:

  - advised the Movant to sign a plea agreement that:
    - did not include:
      - a calculation of sentencing guidelines range.
      - an explanation, or even mention of, enhancements
        the Government intended to persue.
      - a complete calculation of the Movant's offense
        level.
    - did include:
      - two duplicate counts for the same offence.
  - failed to address any sort of psychosexual evaluation for
    the Movant.
  - failed to voice/act on the Movant's objections to information

contained within the PSR.

- failed to consider/negotiate a polygraph test for the Movant.
- failed to recognize and notify the Court of procedural errors
  carried out by the Government and Pretrial Services officer.
- failed to object, during the sentencing hearing, when both
  the Government and Court led witnesses.
- failed to fully develop/present mitigating factors in the
  Movant's "Motion for Downward Departure," likewise at
  sentencing.
- placed persuit of payment for services as a priority.
- overall, acted as an ineffective advocate for the Movant.

NOTE: Further Grounds, that did not fit within the space provided
      by the standard 28 U.S.C. § 2255 packet, will follow the
      "Continuation of Requested Relief."

**\*\*\* Continuation of <u>Requested Relief</u>:**

2) full consideration of the Movant's 28 U.S.C. § 2255 and
   accompanying pages of continuation for review and further-
   ance.

3) ejection of the prior PSR and addendum; to be replaced
   following a new PSI, conducted by a disinterested party,
   who is not associated with the Eastern District of Virginia,
   Norfolk Division Pretrial Services or Probation/Supervision
   office, that will produce a proper and impartial PSR.

4) an evidentiary hearing in addition to sufficient discovery
   to support and further the Grounds raised; if the Court

deems necessary.

5) that Count 1 and Count 6 are combined/eliminated as to
allow only one Count to advance at resentencing.

6) recomputation of sentencing guidelines and enhancements
based on the Grounds raised within this document.

7) provision of an opportunity to complete an appropriate
psychosexual evaluation of the Movant for presentation
at resentencing.

8) removal of the "special condition" requiring the Movant
to submit to ABEL assessment and/or penile plethsmograph
testing; as these conditions are excessive and unjustified
based on the Movant's convicted offence and history.

9) that other terms of supervision and "special condition(s)"
be reevaluated at resentencing.

10) appointment of Public Counsel, at no cost to the Movant,
to represent, guide, and assist the Movant through the
discovery process, evidentiary hearing, new PSI, resentenc-
ing, and any additional or further proceedings associated
with this 28 U.S.C. § 2255 Motion.

11) that a change of venue be granted as the Honorable Judge
Jerome B. Friedman has been prejudiced against the Movant
as a result of the initial PSR and court proceedings; making
it inappropriate for Judge Jerome B. Friedman to participate
in further hearing(s) of this matter or to resentence the
Movant.

12) that the Court and/or Government provide printed copies
of ALL cases, policies, and rules cited (published and

unpublished) within their response.(s) to the Movant's Motion.

13) any such other equitable relief that/as the Court may deem
appropriate at this or a future time.

**Additional Grounds that exceeded the space provided
within the standard 28 U.S.C. § 2255 packet.**

**GROUND FIVE:** The Movant was convicted of two duplicate counts;
enabling the Court to reach a sentence exceeding the statutory
maximum for the offence.

**(a) Supporting facts:**

- Count 1 and Count 6 of the inditement, and following con-
viction, are for the exact same offence.

- The plea agreement did not indicate that the Government was
seeking a sentence exceeding the statutory maximum.

- At the time of the plea proceedings the Government, Court,
and counsel for the Movant agreed that the two counts could/
would be sentenced concurrently.

- The Court utilized the two duplicate counts to justify a
guidelines sentence that exceeded the statutory maximum
for the offence.

**(b) Direct Appeal of Ground Five:**

* The answer to both question 1 & 2 in this section is: n/a

**(c) Post-Conviction Proceedings:**

* The answer to all parts of questions 1 through 7 in this
section is: n/a

**GROUND SIX:** Enhancements were incorrectly applied when calculating the Movant's sentencing guidelines range.

**(a) Supporting facts:**

- The act of distribution and the use of a computer in commit-
  ting the offence are applied as enhancements despite the
  fact that these elements are already part of the base
  offence level.
- The Movant received an enhancement for the sexual exploita-
  tion of a minor, even though this action was not part of
  his charged and convicted offence.
- The credit for cooperation and acceptance of responsibility,
  though granted, was wrongfully witheld until the final
  moments of the sentencing proceeding.

**(b) Direct Appeal of Ground Six:**

  * The answer to both question 1 & 2 in this section is: n/a

**(c) Post-Conviction Proceedings:**

  * The answer to all parts of questions 1 through 7 in this
    section is: n/a


**GROUND SEVEN:** The issued sentence is greater than necessary to:
reflect the seriousness of the offence, promote respect for the law,
provide just punishment, protect the public, and to deter future
criminal conduct.

**(a) Supporting facts:**

- The Movant offered complete cooperation and accepted full
  responsibility for the convicted offence from the onset of
  his investigation and prosecution.

- Consideration was not given to the Movant's efforts to
  assist law enforcement with information that would have
  assisted in the prosecution of another.
- The Court failed to consider the Movant as an individual,
  in an impartial manor, at sentencing.  For example, the
  Court:
    - did not consider that a non-guidelines sentence could
      have satisfied the goals stated in this Ground.
    - dismissed/discarded character letters offering fac-
      tual information about the Movant.
    - speaks about appearances, not facts.
    - dismisses the Movant's mitigating circumstances:
        - Sexual abuse during his childhood.
        - Sexually charged examples of appropriate behavior
          during his childhood.
        - The Movant's personal and family history of
          addiction; specifically to sex and alcohol.
        - The terminally ill condition of the Movant's
          daughter.
    - offered opinion about the Movant's state of mind.
- The Movant has a clear criminal history record.
- This sentence creates a disparity.  The Movant's sentence
  is excessive when compared to other cases with similar charges.
- Consideration was not given to the fact that the guidelines
  range, as calculated in this case, exceeded the statutory
  maximum for the convicted crime.
- A variance sentence was not fully considered based on the
  merits of the facts associated with the convicted offence

and the mitigating factors present in the Movant's case.

- A variance sentence was not fully considered based on the
  Movant's mitigating factors.
    - As a youth the Movant experienced sexual abuse on
      several ocqasions.
    - The Movant was raised in a sexually open and charged
      environment.
    - The Movant was exposed to addictive behavior as he
      was growing up.  Additionally he comes from a family
      with a history of alcohol and sex addiction.
    - The Movant suffered from alcohol dependancy.
    - The Movant has been faced with the mental and
      emotional strain of raising a terminally ill child,
      his daughter.
- The Court's "special conditions" exceed the statutory pro-
  visions for punishment of the Movant's convicted offence.
- The Court overstepped their jurisdiction by ordering at
  sentencing, and including in the final Order of Judgement
  and Commitment,:
    - that the Movant must pay child support.
    - that the Movant's access to his family and children
      will require the approval of a Government appointed
      supervisor.

**(b) Direct Appeal of Ground Seven:**

   * The answer to both question 1 & 2 in this section is: n/a

**(c) Post-Conviction Proceedings:**

   * The answer to all parts of questions 1 through 7 in this
     section is: n/a

**GROUND EIGHT**: The Movant's 5th amendment rights were violated.

**(a) Supporting facts:**

    - During the initial and second I.C.E. interrogation the Movant:

        - believed that he was in custody because:

            - he was constantly surrounded and under the close supervision of I.C.E. agents.

            - he was not under the impression that he was free to go at a time of his choosing.

            - he did not feel that he was a voluntary participant during the interrogations.

        - the Movant was, and has, never been Mirandized.

**(b) Direct Appeal of Ground Eight:**

    * The answer to both question 1 & 2 in this section is: n/a

**(c) Post-Conviction Proceedings:**

    * The answer to all parts of questions 1 through 7 in this section is: n/a

CONCLUDES PAGES OF CONTINUATION.